

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 15, 1939

Honorable Thos. R. Chandler
County Attorney
Robertson County
Franklin, Texas

Dear Sir:                    Opinion No. 0-793
                             Re: Whether nepotism law is vio-
                                 lated under facts set forth.

We are in receipt of your letter of May 9, 1939, wherein you set forth the following facts:

"The situation is this: A Mr. Cul-pepper has been employed by said school (Tidwell Prairie Common School District) for the past three years as a teacher and he is again applying for the position. During each of these three years Mr. Cul-pepper's wife uncle has been a member of the school board, to-wit, W. T. Hailey. Mr. Hailey's father is the grandfather of Mrs. J. C. Culpepper. Facts seem to be undisputed that heretofore Mr. W. T. Hailey would not participate in the elec-tion of his nephew nor has he signed any of the vouchers; the other two trustees are of Polish descent and speak broken English. Mr. Hailey has been re-elected trustee and has qualified and refused to resign and is oppose to the re-election of Mr. Culpepper as teacher for another term. Heretofore he had not voiced any opposition and would not take part in his election."

You request our opinion in response to the fol-lowing questions:

"1.  Could the remaining two trustees re-employ Mr. Culpepper as a teacher in

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT



said school while Mr. Hailey, an uncle by marriage, is still a member of said Board, and whether or not a contract executed by reason of being elected be valid?

"2. Would W. T. Hailey be liable to prosecution if said Board of Trustees, over his opposition, re-elect Mr. Culpepper as teacher?

"3. Would the remaining trustees also be liable to prosecution under the nepotism law if they proceeded to elect Mr. Culpepper as school teacher while W. T. Hailey remain a member of the school board, not participating in said election, but opposing the same?"

Article 432 of the Penal Code reads as follows:

"No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

A careful reading of the above statute discloses that a member of a board is not only restrained from ap-



pointing or voting for the appointment of a person related to himself, but he is also restrained from appointing or voting for the appointment of a person who is related within the prohibited degree to any other member of the board. Under the facts given to us, the teacher, Mr. Culpepper, is related to the trustee, Mr. Hailey, by affinity in the second degree. The attitude of Mr. Hailey concerning the appointment of his nephew is wholly immaterial so far as the validity of the contract is concerned. The appointment falls squarely within the prohibition of Article 432. Contracts made in direct violation of statutes are void. 6 R.C.L. 692; 13 C.J. 410; First National Bank vs. Neal, 10 S.W. (2d) 408; Langever vs. Doyle, 44 S.W. (2d) 1050; Hennessey vs. Association, 282 S.W. 791.

Our answer to your first question, therefore, is that a contract executed under the above circumstances between the Board of Trustees of the district in question and Mr. Culpepper would be void.

The aforesaid Article 432 and Article 437, Penal Code, which latter Article provides the penalty for a violation of Article 432, are directed only at the officer who appoints or votes for, or confirms the forbidden appointment. No punishment is visited upon a man simply by reason of the fact that he is a member of a board, the other members of which may violate the statute.

Our answer to your second question, therefore, is that Mr. Hailey would not be liable to prosecution if said Board of Trustees, over his opposition, should re-elect Mr. Culpepper as teacher.

As already observed, a board member is forbidden from appointing or voting for the appointment of a person who is related within the prohibited degree to any member of the board. It is wholly immaterial whether the related member participates in the election or not. Those who do participate in the election or appointment by voting for the employment of a person who is related within the forbidden degree to a member of the board violate Article 432, and are subject to prosecution thereunder.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By       _(signature)_

(Signed) Glenn R. Lewis
Assistant

GRL:FG



APPROVED:

(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED

Opinion Committee
By G. R. L.
Chairman